## 20458

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,
Appellant, v. Clarence LOWMAN, Respondent.

(236 S. E. (2d) 194)

42

*Messrs. Daniel R. McLeod, Atty. Gen., Raymond G. Halford, and W. Joseph Isaacs, Asst. Attys. Gen.,* and *Frampton Durban, Jr., Staff Atty.,* of Columbia, *for Appellant,*

*Messrs. Horger, Horger and Barnwell,* of Orangeburg, *for Respondent,*

June 28, 1977.

LITTLEJOHN, Justice:

This is an action to establish a child support obligation against the respondent Clarence Lowman in favor of Kerry Strong, an illegitimate child born December 30, 1969. The appellant, South Carolina Department of Social Services (D.S.S.), initiated the action on July 20, 1976, by filing a summons and verified petition in the Orangeburg County Family Court as an assignee of any support rights due the child's mother from Lowman. This assignment was executed by her as a consideration of obtaining public assistance from D.S.S.

In its petition, D.S.S. alleged that Lowman was the natural father of Kerry Strong, and as such was responsible for the child's support.

Lowman's answer consisted of general denial of paternity. He also asserted, as affirmative defenses, two specific statutes of limitations, to-wit § 15-1383 and § 10-143, Code of Laws of South Carolina (1962).

Before testimony was taken, D.S.S. moved to strike each of the defenses based on the statutes of limitation on the ground that, as a matter of law, such statutes were inapplicable to civil paternity actions in the family courts of this State. The lower court overruled the motions and held that both § 15-1383 and § 10-143 were applicable and thus served to bar the action. The petition of D.S.S. was dismissed with prejudice.

It is from this ruling that D.S.S. has appealed. We are of the opinion that the lower court erred in holding that the statutes of limitation operate as a bar and, accordingly, reverse and remand for further proceedings.

Since 1923, our legislature has created by general legislation three different systems of courts with special domestic relations jurisdiction: (1) the Children's Court Act, § 15-1351, *et seq.* (1923), (2) the Juvenile and Domestic Relations Court Act, § 15-1101, *et seq.* (1936), and (3) the Family Court Act, § 15-1095, *et seq.* (1968).

The proceeding here involved is in the Orangeburg County Family Court, which operates under the terms of § 15-1095, *et seq.*

Section 15-1383 is a part of the Children's Court Act of 1923. It reads as follows:

"Bastardy proceedings.—Warrants in bastardy shall be issued on a voluntary complaint by the mother or by the governing body of the county that the child is likely to become a county ward. When the issue of paternity is tried and found against the defendant he shall be fined not more than ten dollars, pay the woman two hundred dollars, give bond that the child shall not become a public charge and stand charged with the maintenance of the child as the court may order. *The action must be brought within three years after the birth of the child."* (Emphasis added)

Section 10-143 is not a part of either of the three court acts indicated above. It is a general limitation which dictates that actions must be commenced within six years when based ". . . upon a liability created by statute other than a penalty of forfeiture; . . . ."

Section 15-1095.8 of the 1968 Family Court Act provides as follows:

"Present courts to continue; jurisdiction of county courts. —Juvenile and domestic relations courts and children's courts now existing shall continue as now organized, except

for any provisions that may be in conflict with this chapter. Any county courts or other courts now existing which may be exercising the jurisdiction of children's or juvenile and domestic relations courts shall continue to exercise such jurisdiction unless and until the same be changed by an act of the General Assembly."

It is the contention of Lowman that this section, read in connection with § 15-1383, gives him the benefit of a three year statute of limitation, and he argues that inasmuch as this proceeding was not commenced within three years after the birth of the child, the action is barred.

The Family Court Act of 1968, in § 15-1095.24(a)(1), states that the family court shall have jurisdiction "to hear and determine proceedings within the county to compel the support of a wife or child, whether legitimate or illegitimate."

Section 15-1095.27 of the same act asserts that "[a]ny interested person may file a petition to the court requesting the court to order persons legally chargeable to provide support as required by law." It is pursuant to this section that this action was brought.

It is the contention of D.S.S., contrary to the lower court's ruling, that § 15-1383, which is a part of the Children's Court Act of 1923, is not applicable to the Family Court Act and thus does not operate to require a civil paternity action, brought pursuant to § 15-1095.27, to be commenced within three years of the birth of a child. We agree.

After careful review of both the Children's Court Act and the Family Court Act, we note that the remedy that § 15-1383 provides, and the limitation upon it, was neither restated in the Family Court Act, nor incorporated by reference. The Family Court Act provides a substantially different remedial procedure from that provided in § 15-1383 and is unfettered by the three year limitation. We think it was

not the intent of the legislature that § 15-1383 apply when a civil action for support of an illegitimate child is brought pursuant to the Family Court Act.

Alternatively, Lowman argues that inasmuch as the child is now more than six years of age, the action is also barred by reason of § 10-143, the general six year statute of limitation. D.S.S. takes the contrary view, arguing the inapplicability of the six year limitation to its petition. It submits that Lowman's duty to support Kerry Strong cannot be construed as a "liability created by statute"; rather, it argues that the liability of support was founded in the common law with only the action to enforce that liability created by statute. We disagree. In *McGlohon v. Harlan*, 254 S. C. 207, 174 S. E. (2d) 753 (1970), this Court extensively discussed the origins and development of the law regarding the duty to support an illegitimate child. Among other things, we noted:

"The common law recognized no legal duty on the part of a father to provide for the support of an illegitimate child.

He was said to be a *filius nullius,* the child of nobody. There was no procedure for determining paternity. An illegitimate child had no rights against an asserted parent that could be enforced in court."

Over the years our legislature has, by various statutes, created a legally enforceable right of support for illegitimate children. [1] The Family Court Act and its forerunners, the Children's Court Act and the Juvenile and Domestic Relations Court Act, all have sought to protect these children. It is inescapable that the duty of a father to support an illegitimate child is a liability created by statute; therefore, § 10-143 is applicable.

---

[1] Of interest are the cases of *Trimble v. Gordon,* decided by the Supreme Court of the United States April 26, 1977, and reported in . . . . U. S. . . . ., 97 S Ct. 1459, 52 L. Ed. (2d) 31, and *Fiallo v. Bell,* also decided April 26, 1977, and reported in . . . . U. S. . . . ., 97 S. Ct. 1473, 52 L. Ed. (2d) 50. *Also see* § 20-303 of the 1962 Code (Supp. 1975).

This being so, the respondent Lowman argues that since Kerry Strong was born over six years ago, § 10-143 bars the action. We disagree. While it is true that in this particular case some of the support allegedly due Kerry Strong was supplied more than six years ago and may now be barred, it should be remembered that the duty of support is a continuing obligation. *State v. Bailey,* 253 S. C. 304, 170 S. E. (2d) 376 (1969). New causes of action arise over the years with each instance of a putative father's failure to support his child.

We hold that the court should determine in this action whether Lowman is or is not the father of Kerry Strong. We also hold that he may not be required to reimburse D.S.S. for support supplied more than six years before the commencement of this action. [2] He may, of course, be required to make future support payments.

Reversed and Remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.

---

[2] This is not a claim brought by the child in her own right. We intimate nothing relative to the statute of limitations as applies to an action by an infant under similar circumstances.