## 20603

Frances F. JONES, Respondent-Appellant, v. James A. JONES, Appellant-Respondent.

(241 S. E. (2d) 417)

144

*Jan L. Warner,* of *Weinberg, Warner, Brown & Mc-Dougall,* Sumter, *for Appellant,*

*Willard D. Hanna, Jr.,* of Surfside Beach, *for Respondent-Appellant,*

February 9, 1978.

Ness, Justice:

In this protracted divorce litigation the wife was denied a divorce but awarded custody of the two minor children. The husband was ordered to pay alimony of $1,000.00 per month, child support of $700.00 per month per child, and attorneys' fees. We affirm.

The record reveals a long history of marital discord. The husband, James A. Jones, is a dentist practicing with the Sexton Clinic in Florence, with an annual gross income of approximately $400,000.00. The wife has a tenth grade education and has been unemployed for many years.

Both the special referee and the circuit judge concluded the facts were insufficient to warrant the granting of a divorce on the ground of physical cruelty. Our scope of review in an equitable action, tried first by a special referee and then by a circuit judge, is limited. Where the circuit judge concurs in the findings of the special referee, those findings will not be disturbed by this Court unless found to be without evidentiary support or against the clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

While there was testimony on behalf of the wife that her husband inflicted bruises upon her and threatened her with a pistol, there was testimony by Dr. Jones denying the incidents. In view of the contradicting evidence regarding physical abuse by the husband, we will not alter the decision denying the wife a divorce.

Both judges concluded the wife was entitled to separate maintenance and custody of the two minor children. There was evidence presented to demonstrate the wife's unfitness as a mother due to a drug problem, and there was also evidence she was rehabilitated and a good

mother. Accordingly, under the principle of *Townes, supra,* we decline to disturb the findings of the two judges regarding separate maintenance and custody when competent evidence exists to support them.

The special referee and the circuit judge disagreed on the amount of alimony and child support awarded to Mrs. Jones. The special referee awarded her $500.00 per month in alimony and $250.00 per month per child in child support. The circuit judge increased the alimony award to $1,000.00 per month and the child support to $700.00 per month per child.

When the special referee and the circuit judge disagree, this Court may make findings in accordance with its own view of the preponderance or greater weight of the evidence. *Townes, supra.* Recognizing the income of the husband and the educational limitations of the wife, we believe the circuit judge's award of alimony and child support was proper. Further, the record reveals Dr. Jones donates over $50,-000.00 per year to his church. While we commend his generosity, one must be just before he can be generous.

Although the husband excepts to the order requiring him to pay the wife's attorneys' fees, by prior agreement between counsel, the exception relates only to the award itself and not to the amount. It is well established that the question of attorneys' fees is within the discretion of the court. *Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302 (1969) ; *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977). In view of the extensive litigation surrounding this case and the financial disparity of the parties, we conclude the judge properly ordered the husband to pay the wife's attorneys' fees. Further, we order Dr. Jones to pay the attorneys' fees incurred by his wife during this appeal and set $500.00 as a reasonable appellate fee.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.