## 22161

Ann Dudley MITCHELL, Appellant, v. Dana C. MITCHELL, III, Respondent.

(320 S. E. (2d) 706)

Supreme Court

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Kenneth C. Porter,* of *Porter & Rosenfeld,* Greenville, *for respondent.*

Aug. 27, 1984.

CHANDLER, Justice:

The Appellant-Wife initiated this action for divorce upon the statutory ground of one year continuous separation, seeking custody of the parties' two minor children, child support, attorney's fees, health insurance for the children and life insurance on Respondent-Husband's life for the benefit of the children. Husband cross-petitioned for reasonable visitation, attorney's fees and equitable distribution of all real and personal property acquired during the marriage.

The Trial Judge granted the divorce, awarded sole custody of the children to Wife, subject to Husband's right to reasonable visitation, and required him to maintain health insurance for the children. The Court also divided personal property equally between the parties, and awarded Husband a 50% interest in the proceeds from the sale of the marital home titled only in Wife's name. Further, Husband was ordered to pay $400.00 per month child support as follows: Wife was to retain, in an interest-bearing account, Husband's one-half of the marital home proceeds, with her having the right to withdraw monthly, $400.00 in interest and principal to pay the support. Wife was denied alimony, and the parties were ordered to pay their own attorney's fees.

Wife appeals on several grounds while Husband appeals only the Order settling the Record. We affirm as modified and remand for further proceedings in accordance with this opinion.

A divorce action being a matter in equity heard by the Trial Judge alone, this Court's scope of review extends to the finding of facts based on its own view of the preponderance of the evidence. *Baker v. Baker*, 276 S. C. 427, 279 S. E. (2d) 601 (1981); *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The parties were married in May of 1974 while both worked as graduate assistants at the University of South Carolina. Upon marriage Wife had approximately $3,000.00 in assets in a savings account and a 1973 Volkswagen; Husband had $94,480.00, a $35,480.54 equity in a residence, and $59,000.00 in an irrevocable trust from which he could withdraw interest and principal. Husband also was required by Court Order to

pay $400.00 per month child support for two children born of a previous marriage.

Approximately 1½ years after marriage, Husband entered law school, graduating in 1978. During law school he had two part-time jobs and also received $400.00 per month in G. I. Bill benefits. Wife worked the entire time of the marriage except for two brief periods during the birth of their two children.

Both parties contributed their entire earnings to the support of the family, and Husband withdrew money from his trust periodically to cover expenses. Income tax returns revealed that during the marriage, Husband contributed $130,831.97 and Wife, $28,194.52. At the time of divorce, the trust was depleted.

From 1974 until they separated in 1980, the parties occupied four residences, the first of which was owned by Husband prior to the marriage and titled in his name. The next, acquired in 1975 with money from the sale of the first, was titled in both names. The third, purchased from the proceeds of the second, was titled in Wife's name only, as was the last, acquired in 1977.

From December, 1977, until separation in August, 1980, the parties occupied this fourth residence, where Wife remained until June 15, 1981, when she sold the property for net proceeds of $65,000.00. From these proceeds she repaid a $6,000.00 loan, borrowed for support of the children during the year of separation. She then invested the remaining approximately $58,000.00 in a Merrill Lynch fund from which she receives $650.00 per month interest income.

Wife testified the $650.00 per month interest was her entire income. Following a change in her hours of employment, she had been unable to obtain care for her children and was compelled to resign from a job.

According to Husband's financial declaration, his monthly expenses exceeded income by almost $200.00 a month, he was repaying approximately $16,000.00 in loans, $12,500.00 of which he borrowed from his father to start a law practice, and his only asset was a 1973 Volkswagen valued at $1,500.00.

## EQUITABLE DISTRIBUTION OF
## REAL PROPERTY

Wife argues the marital home was a gift to her and, therefore, not subject to equitable distribution under the law existing when this action was commenced. She

contends further the Order of the lower court can be affirmed only through retrospective application by this Court of holdings in *Parrott v. Parrott,* 278 S. C. 60, 292 S. E. (2d) 182 (1982), and *Burgess v. Burgess,* 277 S. C. 283, 286 S. E. (2d) 142 (1982), both decided after the trial of this case. We disagree.

The Order of the Trial Judge was not based upon the question decided in the later case of *Parrott, supra,* hence there is no issue of its retrospective application by this Court.

In *Burgess, supra,* interspousal gifts were for the first time held to be subject to equitable distribution. *Burgess, supra,* would have application here only if the real estate were held to be a gift. However, the Trial Judge, in a finding of fact supported fully by the record, concluded that the real estate was not a gift and, therefore, was to be treated as marital property.

This finding having been correctly decided adversely to Wife, it is not necessary to consider the issue of retrospective application of *Burgess, supra.*

Equitable distribution was first recognized by this Court in *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978), which held that where the wife has made material contributions to the husband's acquisition of property during the marriage, she acquires a special equity in that property, though titled only in her husband's name. Two years later, in *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981), we made it clear that the principle applies with equal force to the husband.

The Trial Judge properly applied the law of *Wilson, supra,* and *Glass, supra,* in finding the marital home subject to equitable distribution.

Wife argues alternatively that, even if this Court should find the marital home subject to equitable distribution, Husband should not have been awarded a 50% interest. We disagree. She further contends the $6,000.00 loan should have been subtracted from the $65,000.00 proceeds prior to division. We agree.

When making an equitable distribution, the Trial Court must consider the relative incomes of the parties, their material contributions and debts, and the facts and circumstances of the particular case. *Parrott, supra; Bugg v. Bugg,* 277 S. C. 270, 286 S. E. (2d) 135 (1982); *Baker v. Baker, supra; Simmons v. Simmons,* 275 S. C. 41, 267 S. E. (2d) 427 (1980); *Wilson, supra.*

Although both parties were employed during most of the marriage, Husband contributed over $130,831.97, which included his own $59,000.00 trust, and Wife, $28,194.52.

Furthermore, Husband's $35,480.54 equity in the home owned by him upon marriage was used to purchase the other marital homes. At the time of trial, Wife was not employed but had accepted a position and planned to begin work soon at a $14,000.00 salary. She had no debts, while Husband was repaying a loan of over $16,000.00.

We find it was fair and equitable to award Respondent 50% of the proceeds of the marital home sale.

We hold, though, that the $6,000.00 loan paid by Wife should have been deducted from the $65,000.00 proceeds prior to the 50%-50% division. Wife testified the loan was necessary to provide for the children. Moreover, Husband himself prepared the closing documents for sale of the home and did not question Wife's disposition of the proceeds until divorce. We find Husband entitled to one-half of the $58,000.00[1] remaining after the division, and affirm that portion of the Order placing Husband's 50% portion in an interest-bearing trust account for child support.

## CHILD SUPPORT

Wife contends the Trial Judge should have awarded more than $400.00 per month child support. We disagree. Child support awards are within the sound discretion of the Trial Judge and, absent an abuse of discretion, will not be disturbed on appeal. *Bass v. Bass*, 272 S. C. 177, 249 S. E. (2d) 905 (1978); *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975).

In determining child support, the Trial Judge must consider both parties' incomes, abilities to pay, education, expenses, assets and the facts and circumstances of each case. *Lunsford v. Lunsford*, 277 S. C. 104, 282 S. E. (2d)

---

[1] According to the record, the sale price of the residence was $65,000.00. The remainder after deduction of the $6,000.00 loan is $59,000.00. However, the record shows only that the amount remaining and invested in the interest-bearing account was $58,000.00. The $1,000.00 discrepancy is not accounted for in the record.

861 (1981); *Stevenson v. Stevenson*, 276 S. C. 475, 279 S. E. (2d) 616 (1981); *Smith, supra.*

Both parties are well-educated, in good health and capable of contributing financially to the support of the children. Husband earns $20,000.00 per year, and Wife expects to earn $13,000.00 to $14,000.00. The $400.00 per month is fair considering the Husband is paying $400.00 per month child support for his two children and repaying a $16,423.70 debt. Wife has no outstanding debts. We affirm the award of child support.

## LIFE INSURANCE

Husband testified he has a $200,000.00 life insurance policy on his life for the benefit of his four children, and would maintain it so long as he is financially able. The Trial Judge made no reference to life insurance in his Order. We agree with Wife that this was error, and Husband shall maintain this life insurance until further Order of the Court.

## EQUITABLE DISTRIBUTION OF PERSONAL PROPERTY

Wife's exception to the Trial Court's Order requiring an equal division of all personal property has been withdrawn.

## ATTORNEY'S FEES

Finally, Wife contends the Trial Judge abused his discretion by not requiring Husband to pay her reasonable attorney's fees, and in ordering the parties to pay their own fees. Husband took no exception to the Order requiring him to pay his own fees.

Factors to be considered in the award of attorney's fees are the nature, extent and difficulty of the services rendered, time involved with the case, professional standing of counsel, contingency of the compensation and the beneficial results accomplished. *Robinson v. Robinson*, 277 S. C. 102, 282 S. E. (2d) 861 (1981). Also to be considered are the abilities of the parties to pay, their respective financial conditions and the effect of the attorney's fees on each party's standard of living. *Jones v. Jones*, 270 S. C. 143, 241 S. E. (2d) 417 (1978); *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977); *Mays v. Mays*, 267 S. C. 490, 229 S. E. (2d) 725 (1976).

After reviewing the record, hearing oral arguments ■ and considering the relative financial positions of the parties, we find Wife's request for $750.00 attorney's fees to be reasonable and remand for an Order requiring Husband to pay that amount.

We find the remaining exceptions to be without merit and affirm under Rule 23.

We affirm as modified and remand.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.