623 S.E.2d 370

**Jane SMITH, Respondent,**

v.

**John DOE, Petitioner.**

No. 26063.

Supreme Court of South Carolina.

Heard Oct. 5, 2005.
Decided Nov. 14, 2005.

470

H. Wayne Floyd, of W. Columbia, for Petitioner.

John D. Elliott, of Columbia, for Respondent.

 

Chief Justice TOAL:

Jane Smith (Smith) brought this action to establish paternity and award child support. The family court declared that John Doe (Doe) was the father and ordered Doe to pay child support. The court of appeals held that Doe had an ongoing duty to support the child (Danielle) and that the action was not barred by the statute of limitations. On appeal, the court of appeals held that the amount of the child support award was reasonable. We affirm the court of appeals.

### FACTUAL / PROCEDURAL BACKGROUND

The child in the present case, Danielle, was thirty-four years old when this action was commenced. Danielle is the child of Doe and Smith. Smith and Doe met in 1964, and although Doe was married at the time, the two had an affair. Danielle, the result of the affair, was born in July of 1965.

Danielle is mentally handicapped and has the mental capacity of a six-year-old. Danielle does not have the capacity to read, do math, cook, or drive. In addition, Danielle cannot be left unsupervised, and as a result, she is under childcare supervision most of the day.

Doe was aware Danielle's birth but did not have a relationship with her or offer support to her. Out of concern for Danielle's well being, Smith asked Doe if he would recognize Danielle as his daughter in order to allow Danielle to receive Social Security benefits upon Doe's death. Doe refused to recognize Danielle as his child. As a result, Smith filed an action against Doe seeking a declaration of child support and paternity.

Doe filed a motion to dismiss, denying that he was Danielle's father and arguing that the action was barred by the statute of limitations. The family court denied the motion and ordered the parties to undergo paternity testing. The paternity test revealed that Doe was Danielle's father.

As a result, the court ordered Doe to pay $91.00 per week in child support starting from the commencement of the action and the court also ordered Doe to pay attorney's fees. The court of appeals affirmed the decision of the family court, rejecting Doe's argument that the statute of limitations barred

the action. Doe appealed and this Court granted certiorari to review the following issues:

I. Does the general statute of limitations bar Smith's paternity and child support actions?

II. Did the family court err in awarding child support?

## LAW / ANALYSIS

### I. Statute of Limitations

Doe argues that the court of appeals erred in holding that the statute of limitations did not bar the paternity and child support actions. We disagree. The action to determine paternity and the action for child support are separate actions, however, in the present case the actions were brought together. We will address the support obligation first.

### A. Support Obligation

When a child is so physically or mentally disabled that the child cannot support himself or herself, the parent's duty to support the child continues beyond the child reaching the age of majority. *Riggs v. Riggs,* 353 S.C. 230, 234–35, 578 S.E.2d 3, 5 (2003). When the disability prevents the child from becoming emancipated, the presumption of emancipation upon reaching the age of majority is inapplicable. *Parker v. Parker,* 230 S.C. 28, 31, 94 S.E.2d 12, 13 (1956).

In *Riggs v. Riggs,* this Court held that a parent's support obligation continued past the age of majority even when the disability was not diagnosed until after the child reached age eighteen. 353 S.C. at 235, 578 S.E.2d at 5 (2003). The child in *Riggs* was diagnosed with Leigh's Syndrome after reaching eighteen. As a result of the degenerative condition, the child was not able to function above the level of a ten-year-old and had mobility problems. The Court held that even though the child had reached the age of majority, the disability prevented the child from being emancipated. *Id.*

In the present case, Danielle is thirty-four years old, but unlike the child in *Riggs,* Danielle's condition manifested at birth. However, due to her disability, Danielle is incapable of being emancipated. As a result, we hold that Doe's support obligation did not terminate when Danielle reached the age of

majority. Accordingly, we affirm the court of appeals' decision holding that the action for support was not barred by the statute of limitations.

## B. Paternity

Doe argues that the paternity action is barred by the general statute of limitations.[1] We disagree. This Court has not directly addressed the issue of whether an action to determine paternity can be barred by the statute of limitations.

As noted by the court of appeals, some jurisdictions have placed a statute of limitations on bringing an action for paternity. *See e.g.*, 23 PA. Cons.Stat. Ann. § 4343(b) (2003) (requiring that a paternity action be instituted within eighteen years of the child's birth).

The South Carolina legislature has passed statutes addressing both a parent's support obligation and a procedure outlining paternity testing.[2] Nowhere in this state's statutory law is a there a time limit for when an action for paternity may be commenced.[3]

The statutory authority read in conjunction with this Court's common law makes it clear that the legislature did not intend to impose a statute of limitations on paternity actions because the Legislature did not specifically include one in the

1. The general statute of limitations is codified at S.C.Code Ann. § 15–3–530 (Supp.2004).

2. *See* S.C.Code Ann. § 20–7–952 (Supp.2003) (allowing paternity actions by and on behalf of children older than eighteen); S.C.Code Ann. § 20–7–90 (Supp.2004) (requiring parents to provide support for their legitimate and illegitimate children).

3. Upon review of this Court's jurisprudence, it seems that statute of limitations issues have arisen only in limited situations involving a parent's duty of support. *S.C. Dep't of Soc. Serv. v. Lowman*, 269 S.C. 41, 236 S.E.2d 194 (1977). In *Lowman*, this Court held that the general statute of limitations applied to a support obligation but only in an action to seek retroactive child support. *Id.* at 47, 236 S.E.2d at 196. Further, the Court stated that although a claim for retroactive support might be barred, "the duty of support is a continuing obligation. New causes of action arise over the years with each instance of a putative father's failure to support his child." *Id.* at 48, 236 S.E.2d at 196. (citation omitted).

statutory scheme. *See Gilstrap v. S.C. Budget & Control Bd.,* 310 S.C. 210, 214, 423 S.E.2d 101, 103 (1992) (holding that the Court will give statutory provisions reasonable and practical construction consistent with the purpose and policy of the entire act).

■ As a result, we affirm the court of appeals, but hold that there is no statute of limitations that is applicable for an action to determine paternity.

## II. Amount of Child Support

■ Doe argues that the court of appeals erred in determining the amount of child support. We disagree.

■■ Child support awards are within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *Mitchell v. Mitchell,* 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984). The trial court abuses its discretion when factual findings are without evidentiary support or a ruling is based upon an error of law. *McKnight v. McKnight,* 283 S.C. 540, 543, 324 S.E.2d 91, 93 (Ct.App.1984).

In the present case, the family court accounted for all income received by Danielle. The court recognized that Danielle received social security benefits of $275 per month. In addition, the court noted that Danielle receives between $250 and $350 per month from her job at the Babcock Center. The family court used the child support guidelines and ordered Doe to pay $91.00 per week in support. The court refused to deviate from the guidelines.

We hold that the family court did not err in determining the amount of support to which Danielle was entitled. The court followed the child support guidelines and accounted for all income Danielle was receiving in order to reach the total amount of support Doe is obligated to pay.

As a result, we affirm the court of appeals' decision finding that the family court did not err in awarding child support.

### CONCLUSION

Based on the above reasoning, we affirm the court of appeals.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.