633 S.E.2d 903

**SCDSS CHILD SUPPORT ENFORCEMENT/CINDY RUFF, Plaintiffs**

**of whom SCDSS Child Support Enforcement is Appellant**

v.

**Ralph MANGLE, Respondent.**

**No. 4130.**

Court of Appeals of South Carolina.

Submitted June 1, 2006.

Decided July 3, 2006.

Rehearing Denied Aug. 25, 2006.

Stacey L. Kaufman, S.C. Dept. of Social Services, of Greenville, for Appellant.

Ralph Mangle, Pro se, of Simpsonville, for Respondent.

PER CURIAM.

South Carolina Department of Social Services, Child Support Enforcement (DSS) appeals the family court's denial of its motion to continue child support until the child's graduation from high school. We affirm.

## FACTS

Ralph Mangle is the father of Toran Mangle. On October 31, 1991, custody of Toran was given to his mother, and Mr. Mangle was ordered to pay child support directly to the mother. On January 17, 1996, Mr. Mangle was ordered to pay child support through the court. Neither order addresses the termination of the child support obligation.

In the fall of 2004, Toran began his senior year of high school and turned eighteen on September 14, 2004. In March of 2005, Mr. Mangle informed the family court that Toran had turned eighteen. On March 11, 2005, the family court terminated Mr. Mangle's child support obligation and dismissed the arrearage that had accrued after Toran's eighteenth birthday. Neither DSS nor the mother was given an opportunity to be heard on the issue of termination before the court's ruling.

DSS filed a motion for reconsideration on March 22, 2005, seeking modification of the March 11th order to provide child support until Toran's high school graduation in June 2005. The motion for reconsideration was heard on April 21, 2005. At the hearing, DSS presented evidence showing Toran was in

his senior year of high school, was an A and B student, and had perfect attendance. On June 1, 2005, the family court denied DSS's motion to continue the child support obligation because there was no existing order for child support beyond the eighteenth birthday. DSS appeals this denial.

## ANALYSIS

DSS argues the family court erred in not finding the child support order continued as a matter of law beyond Toran's eighteenth birthday until his graduation from high school or his nineteenth birthday. We disagree.

▉ Child support awards are addressed to the sound discretion of the trial judge and, absent an abuse of discretion, will not be disturbed on appeal. *Mitchell v. Mitchell,* 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984). Prior to the 1996 amendment to S.C.Code Ann. 20–7–420, child support obligations generally ended by operation of law when the child reached majority. *See Thornton v. Thornton,* 328 S.C. 96, 109, 492 S.E.2d 86, 93 (1997).

S.C.Code Ann. 20–7–420(A)(17) (Supp.2005) gives family courts jurisdiction to make orders of child support and states, in pertinent part:

(A) The family court has exclusive jurisdiction: (17) To make all orders for support run until further order of the court, except that orders for child support run until the child is eighteen years of age or until the child is married or becomes self-supporting, as determined by the court, whichever occurs first or to provide for child support past the age of eighteen years if the child is in high school and is making satisfactory progress toward completion of high school, not to exceed the nineteenth birthday unless exceptional circumstances are found to exist or unless there is a preexisting agreement or order to provide for child support past the age of eighteen years.

DSS argues this requires child support obligations to continue as a matter of law beyond the child's eighteenth birthday where the child is in high school and making satisfactory progress towards graduation even if the original support order is silent as to support past the eighteenth birthday.

█ It is undisputed that the family court can order child support to continue beyond the age of eighteen for children who are in high school and are making satisfactory progress towards completion. However, a lack of jurisdiction was not the basis of the family court's denial. The family court's denial was based solely on procedure. The authority to grant a specific form of relief does not mean that form of relief will automatically be granted.

█ Child support like all relief must be properly pleaded, noticed, and specifically granted by the court. There was no existing order granting child support past the age of eighteen. Neither the mother nor DSS had ever filed an action seeking the continuation of child support beyond Toran's eighteenth birthday. *See Dake v. Painter*, 288 S.C. 118, 118, 341 S.E.2d 620, 620 (1986) (holding the family court had no authority to reduce amount or frequency of child support payments where neither was requested in the pleadings). The court dismissed the motion to reconsider without prejudice and informed DSS that the mother would need to seek a new order granting child support to cover the remaining period until the child's graduation or nineteenth birthday. Accordingly, judgment of the family court is

**AFFIRMED.**[1]

KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.