THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sherye Epps, Respondent,
 v.
 James A.
 Daniels, Appellant.
 
 
 

Appeal From Florence County
 Jerry D. Vinson, Jr., Family Court Judge
A.E. Morehead, III, Family Court Judge

Unpublished Opinion No. 2009-UP-517
 Submitted November 2, 2009  Filed
November 13, 2009

AFFIRMED

 
 
 
 G. Murrell Smith, Jr., of Sumter, for
 Appellant.
 D. Malloy McEachin, Jr., of Florence, for Respondent.
 
 
 

PER CURIAM: This
 appeal arises after the family court required James Daniels (Father) pay retroactive
 child support to the date Sherye Epps (Mother) originally filed her complaint. 
 Father argues the family court erred in 1) finding it was bound by a prior
 family court order and 2) granting or affirming an award of child support to
 the Mother when such relief was neither pled nor litigated.  Father maintains
 the family court's decision violated his due process rights.  We affirm.[1]
1.  The family court did not
 err in requiring Father pay Mother retroactive alimony to the date of her
 original filing. See Henggeler v. Hanson,
 333 S.C. 598, 601-02, 510 S.E.2d 722, 724 (Ct. App. 1998) ("On
 appeal from the family court, this court has jurisdiction to correct errors of
 law and find facts in accordance with its own view of the preponderance of the
 evidence."); Smith v. Doe, 366 S.C. 469,
 474, 623 S.E.2d 370, 372 (2005) (holding child support awards are within the
 sound discretion of the family court and will not be disturbed on appeal absent
 an abuse of discretion); Sutton v. Sutton, 291 S.C. 401, 408, 353
 S.E.2d 884, 888 (Ct. App. 1987) (allowing a family court to award retroactive
 child support even when it is not pled); See, e.g., Holcombe v.
 Hardee, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991); Bowers v. Bowers,
 349 S.C. 85, 98-99, 561 S.E.2d 610, 617 (Ct. App. 2002) (both indicating not
 every violation of Rule 26(a) requires reversal); Rule 220(c), SCACR (allowing
 this court to affirm on any ground appearing in the record on appeal); Cf. Rule 2(a), SCRFC (applying South Carolina Rules of Civil Procedure to domestic
 relations actions); Rule 43(l), SCRCP ("If any motion be made to any judge
 and be denied, in whole or in part, or be granted conditionally, no subsequent
 motion upon the same state of facts shall be made to any other judge in that
 action.").  
2.  We decline to rule on whether
 Father's due process rights were violated as this issue is not preserved for
 our review. King v. King, 384 S.C. 134, 142, 681
 S.E.2d 609, 614 (Ct. App. 2009) (requiring an issue be raised to and ruled upon
 by the trial court in order to be preserved for appellate review).
AFFIRMED.
PIEPER and
 LOCKEMY, JJ., and GOOLSBY, A.J. concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.