THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Karen
 Allen-Hines, Appellant,
 
 
 

v.

 
 
 
 Franklin Hines, Respondent.
 
 
 

Appeal From Darlington County
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2012-UP-054  
 Heard December 6, 2011  Filed February 1,
2012

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
 Robert N. Rosen, of Charleston, and Cynthia
 B. Patterson, of Columbia, for Appellant.
 J. Anthony Floyd and Rob F. Gardner, III,
 both of Hartsville, and Marian D. Nettles, of Lake City, for Respondent.
 
 
 

PER CURIAM: Karen Allen-Hines appeals several
 decisions the family court made on remand from this court.  See Allen-Hines
 v. Hines, Op. No. 2008-UP-198 (S.C. Ct. App. filed Mar. 20, 2008).  We affirm
 in part, reverse in part, and remand. 
1.  Karen argues the family court
 erred in awarding her rehabilitative alimony instead of permanent periodic
 alimony.  We agree.  The purpose of awarding rehabilitative alimony is "to
 encourage a dependent spouse to become self-supporting by providing alimony for
 a limited period of time during which the dependent spouse might retrain and
 rehabilitate himself or herself thereby limiting the duration of the time in
 which the supporting spouse is burdened by spousal support."  Eagerton
 v. Eagerton, 285 S.C. 279, 282, 328 S.E.2d 912, 914 (Ct. App. 1985).  Here,
 however, the family court found Karen "is very able to work," "does
 not need any training in order to secure employment," and "does not
 need any additional time to acquire job skills in that she presently has more
 than adequate job skills."  We conclude the family court erred in awarding
 rehabilitative alimony to someone it found needed no rehabilitation.  Further, having conducted our own review
 of the record, we find no special circumstances warranting rehabilitative
 alimony.  See Canady v. Canady, 296 S.C. 521, 525, 374 S.E.2d 502, 504 (Ct. App.
 1988) ("Rehabilitative alimony may be awarded only upon a showing of
 special circumstances justifying a departure from the normal preference for
 permanent, periodic support.").  We therefore reverse the family court's decision awarding Karen
 rehabilitative alimony and denying her permanent periodic alimony.
This is the
 second appeal in this case.  In the first appeal, we concluded Karen "is
 entitled to permanent periodic alimony, unless a showing is made of special
 circumstances justifying rehabilitative alimony."  Our determination in
 the present appeal that the record contains no such circumstances leaves an
 award of permanent periodic alimony as the only outcome available under the law
 of this case.  On remand, the family court shall make written findings of fact under
 the factors listed in subsection 20-3-130(C) of the South Carolina Code (Supp. 2010) and award Karen an
 appropriate amount of permanent periodic alimony.  
2. Karen argues the family court
 erred in awarding attorney's fees without making specific findings explaining
 its basis for the amount of the award.  We agree.  The family court's only
 explanation for the award was that it had reviewed "the record herein,
 arguments of counsel[,] and the directions from the Court of Appeals."  Because
 this statement identifies no specific basis for the amount of the award, the family
 court abused its discretion.  See Johnson v. Johnson, 296 S.C.
 289, 304, 372 S.E.2d 107, 115 (Ct. App. 1988) ("A decision lacking a
 discernable reason is arbitrary and constitutes an abuse of
 discretion.").  
In the first appeal, we instructed the family court to
 award attorney's fees after making "specific findings as to the factors
 expressed in" E.D.M. v. T.A.M., 307 S.C. 471, 415 S.E.2d 812
 (1992), Glasscock v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991), and Mitchell v. Mitchell, 283 S.C. 87, 320 S.E.2d 706 (1984).  The family
 court's order contains no such findings.  We reiterate our previous instructions. 
 On remand, the family court shall make written findings of fact under the factors
 in E.D.M., Glasscock, and Mitchell, and award attorney's
 fees in an amount appropriate under those factors.
3. Karen argues
 post-judgment interest should accrue on the family court's $11,025.00 interest
 award until Franklin pays it.  Because the family court did not make a ruling regarding
 whether interest accrues on this award, this issue is not preserved.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It
 is axiomatic that an issue cannot be raised for the first time on appeal, but
 must have been raised to and ruled upon by the trial judge to be preserved for
 appellate review.").  
4. Finally, Karen argues
 the family court erred in refusing to hold Franklin in contempt.  We affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities: Browder v. Browder, 382 S.C. 512, 521, 675
 S.E.2d 820, 824-25 (Ct. App. 2009) ("[A] decision regarding contempt is
 not subject to reversal absent an abuse of discretion."); Tirado v.
 Tirado, 339 S.C. 649, 654, 530 S.E.2d 128, 131 (Ct. App. 2000) ("Contempt
 is a consequence of the willful disobedience of a court order."
 (emphasis added)).
The judgment of
 the family court is 
AFFIRMED IN
 PART, REVERSED IN PART, AND REMANDED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.