**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Karen S. Mack, Appellant,

v.

Ryan T. Mack, Respondent.

Appellate Case No. 2014-000422

Appeal From Calhoun County
William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2015-UP-573
Heard November 12, 2015 – Filed December 30, 2015

**AFFIRMED**

J. Michael Taylor, of Taylor/Potterfield, LLC, of
Columbia; and Sheila McNair Robinson, of Moore
Taylor Law Firm, P.A., of West Columbia, for Appellant.

Jean Perrin Derrick, of Lexington, for Respondent.

**PER CURIAM:** Karen S. Mack (Mother) appeals a family court order, arguing the family court erred in granting joint custody and designating Ryan T. Mack (Father) as the children's primary custodial parent because it ignored her role as primary caregiver, overemphasized other evidence, and made findings against the

preponderance of the evidence.  Mother also argues the family court miscalculated her financial obligation toward the children's uncovered medical expenses.  Additionally, Mother asserts this court should award her attorney's fees if it reverses the family court's custody determination.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the custody arrangement:  *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *id.* ("Thus, this [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations."); *Simcox-Adams v. Adams*, 408 S.C. 252, 260, 758 S.E.2d 206, 210 (Ct. App. 2014) ("The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings."); *id.* ("When determining custody, the family court should consider all the circumstances of the particular case and all relevant factors must be taken into consideration.").

2.  As to Mother's obligation for children's uncovered medical expenses:  *Mitchell v. Mitchell*, 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984) ("Child support awards are within the sound discretion of the [family court] and, absent an abuse of discretion, will not be disturbed on appeal."); *Kelley v. Kelley*, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996) ("An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support.").

3.  As to the attorney's fees award:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and MCDONALD, JJ., concur.**