**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Grange S. Lucas, Appellant,

v.

Karen Ann Sickinger, Respondent.

Appellate Case No. 2014-002600

———————

Appeal From Charleston County
Jerry D. Vinson, Jr., Family Court Judge

———————

Unpublished Opinion No. 2016-UP-527
Heard November 3, 2016 – Filed December 21, 2016

———————

**AFFIRMED**

———————

Kerry W. Koon, of Charleston, for Appellant.

Deena Smith McRackan, of Charleston, for Respondent.

———————

**PER CURIAM:** Grange S. Lucas appeals the family court's order denying his request for a modification of alimony. Lucas argues the family court abused its discretion in deciding Karen A. Sickinger's award of social security disability benefits, subsequent to the couple's divorce, was not an unanticipated and substantial change in circumstances. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Kelley v. Kelley*, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996) ("Questions concerning alimony rest with the sound discretion

of the trial court, whose conclusions will not be disturbed absent a showing of abuse of discretion."); *Smith v. Doe*, 366 S.C. 469, 474, 623 S.E.2d 370, 372 (2005) ("The trial court abuses its discretion when factual findings are without evidentiary support or a ruling is based upon an error of law."); S.C. Code Ann. § 20-3-130(B)(1) (2014) (providing periodic alimony is terminable and modifiable based upon changed circumstances in the future); *Butler v. Butler*, 385 S.C. 328, 336, 684 S.E.2d 191, 195 (Ct. App. 2009) ("Changes in circumstances must be substantial or material to justify modification or termination of an alimony award. Moreover, the change in circumstances must be unanticipated. 'The party seeking modification has the burden to show by a preponderance of the evidence that the unforeseen change has occurred.'" (citations omitted) (quoting *Kelley*, 324 S.C. at 486, 477 S.E.2d at 729)); *Calvert v. Calvert*, 287 S.C. 130, 139, 336 S.E.2d 884, 889 (Ct. App. 1985) ("Generally, changes in circumstances within the contemplation of the parties at the time the decree was entered do not provide a basis for modifying . . . an alimony allowance . . . ."); *Sharps v. Sharps*, 342 S.C. 71, 78, 535 S.E.2d 913, 917 (2000) ("[A] court hearing an application for a change in alimony should look not only to see if the substantial change was contemplated by the parties, but most importantly whether the amount of alimony in the original decree reflects the expectation of that future occurrence.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**