**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angela Holloman, Respondent,

v.

Enoch Walters, Appellant.

Appellate Case No. 2022-000771

_____

Appeal From Richland County
Rosalyn Frierson-Smith, Family Court Judge

_____

Unpublished Opinion No. 2026-UP-309
Submitted March 2, 2026 – Filed June 24, 2026

_____

**AFFIRMED**

_____

J. Falkner Wilkes, of Oakland, Mississippi, for
Appellant.

Yulee E. Harrelson; and J. Michael Taylor, of
Taylor/Potterfield, both of Columbia, for Respondent.

_____

**PER CURIAM:** Enoch Walters (Father) appeals the family court's order modifying child support and granting attorney's fees to Angela Holloman (Mother). On appeal, Father argues the family court erred in its child support calculation by failing to properly deduct his business expenses from his gross income. We affirm.

**FACTS/PROCEDURAL HISTORY**

Father and Mother were divorced in 2012. Prior to their divorce, the parties signed a marital settlement agreement in which Mother received custody of the parties' three children and Father agreed to pay child support.

Mother filed the subject action seeking modification of child support in 2022, and the family court issued a temporary order. The family court found there was a substantial and material change in circumstances, and it raised Father's child support obligation. The family court also ordered Father to provide Mother's counsel with several financial documents for the years 2020–2022 and ordered the parties to mediation.

In an order on Mother's subsequent rule to show cause, the family court found Father in arrearage in his child support obligation and that he failed to provide some of the financial documents as previously ordered by the court. Mother then filed a motion for expedited hearing on motion to compel mediation, production of documents, and to extend the 365-day rule with the family court in March 2023. The family court ordered Father to attend mediation and further instructed him to provide "his actual monthly bank statements" from December 2022 through May 2023.

Father filed a motion for emergency hearing and motion to dismiss in May 2023, seeking a stay of proceedings primarily because he believed the family court did not have jurisdiction in the case. Following a hearing, the family court denied his request for an emergency hearing and found it had jurisdiction.

The case proceeded to trial on the merits in April 2024, and the family court announced its ruling during a hearing in May 2024. The family court issued a final order modifying child support and awarding attorney's fees to Mother in June 2024. This appeal followed.

**ISSUES ON APPEAL**

I.  Did the family court err in its calculation of child support?

II. Did the family court fail to properly calculate Appellant's business income?

III. Did the family court err in failing to include Appellant's business expenses in its calculation of Appellant's income from self-employment?

## STANDARD OF REVIEW

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Therefore, "this [c]ourt may find facts in accordance with its own view of the preponderance of the evidence." *Posner v. Posner*, 383 S.C. 26, 31, 677 S.E.2d 616, 619 (Ct. App. 2009). "However, this broad scope of review does not require this [c]ourt to disregard the findings of the family court." *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009)). Appellate courts must recognize that the family court was better positioned to evaluate witnesses' credibility and weigh their testimony. *Posner*, 383 S.C. at 31, 677 S.E.2d at 619. However, de novo review "does not relieve an appellant from demonstrating error in the [family] court's findings of fact." *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652.

## LAW/ANALYSIS

### I.     Child Support Calculation[1]

Father argues Mother presented evidence at trial that "grossly over-stated" his gross income and on which the family court improperly relied. He contends Mother's analyses of his 2022 and 2023 gross income failed to include all business expenses for those years, particularly expenses related to Zillow. Father argues the family court failed to consider the remaining evidence in the record and thus did not properly deduct his business expenses from his gross income in the court's child support calculation.

"Child support awards are within the sound discretion of the trial judge and, absent an abuse of discretion, will not be disturbed on appeal." *Spreeuw v. Barker*, 385 S.C. 45, 65, 682 S.E.2d 843, 853 (Ct. App. 2009) (quoting *Mitchell v. Mitchell*, 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984)). "An abuse of discretion occurs when the court's decision is controlled by some error of law or where the order, based upon the findings of fact, is without evidentiary support." *Id.* "Ordinarily, the family court determines income based upon the financial declarations submitted by the parties." *Id.* "However, where the amounts reflected on the financial declaration are at issue, the court may rely on suitable documentation to

---

[1] While Father lists three separate questions in his statement of issues, his argument focuses on the singular question of whether the family court erred in calculating child support by failing to properly deduct his business expenses from his gross income. As such we have combined his issues on appeal.

verify income, such as pay stubs, receipts, or expenses covering at least one month." *Id.*

In determining a child support award, "[g]ross income includes income from any source . . . ." S.C. Code Ann. Regs. 114-4720(A)(2) (Supp. 2025). However, "[f]or income from self-employment . . . gross income is defined as gross receipts minus ordinary and necessary expenses required for self-employment or business operation . . . ." 114-4720(A)(4).

We hold the family court did not err in its calculation of child support. *See Spreeuw*, 385 S.C. at 65, 682 S.E.2d at 853 ("Child support awards are within the sound discretion of the trial judge and, absent an abuse of discretion, will not be disturbed on appeal." (quoting *Mitchell*, 283 S.C. at 92, 320 S.E.2d at 710)); *id.* ("An abuse of discretion occurs when the court's decision is controlled by some error of law or where the order, based upon the findings of fact, is without evidentiary support."). As to business expenses, the only meaningful evidence of Zillow charges in the record is found in the Sam's Club Mastercard payment records. While these records reflect several Zillow payments, the payments stop after September 24, 2022, and the records only go through October 2022. Father's Southern First Bank statements from October 2022 through 2023 reflect several large Sam's Club Mastercard payments; however, there are no Sam's Club Mastercard records for these months, nor is there any other evidence in the record of what these payments were for aside from Father's testimony that all Sam's Club Mastercard charges were "for business purposes only." Father provided no meaningful evidence of business expenses past September 2022, and as such, we find the family court properly relied on Mother's analyses of Father's bank statements as well as the bank statements themselves in determining his gross income for 2022 and 2023. *See Brantley v. Brantley*, 441 S.C. 284, 296, 893 S.E.2d 349, 355 (Ct. App. 2023) ("Father at no time substantiates his arguments [as to the categorization of certain expenses in child support calculation] with sufficient documentation demonstrating obvious error on part of either the family court or [the expert witness]. Therefore, Father's arguments fail due to his inability to supply the court with any meaningful representation of his income."). Further, while Father testified the Sam's Club Mastercard payments were for business expenses, the family court found Father was not credible, and Father failed to present any other witness testimony on his behalf. *See id.* at 294–95, 893 S.E.2d at 355 (noting that when the amounts in a financial declaration are at issue, "the family court [is] required to determine . . . what available information and

documentation [is] *credible* in an attempt to verify income" (emphasis added)). Therefore, we hold the family court did not err.[2]

## II.   Attorney's Fees

Father argues that because the family court improperly calculated his gross income, its attorney's fees calculation was improper. He also contends the attorney's fees should be adjusted if the beneficial results were to change on appeal. Because we hold the family court properly calculated Father's gross income and child support, we affirm the family court's award of attorney's fees. *See Weller v. Weller*, 434 S.C. 530, 543, 863 S.E.2d 835, 841–42 (Ct. App. 2021) (affirming the family court's award of attorney's fees when affirming the other findings challenged on appeal).

Based on the foregoing, the order of the family court is

**AFFIRMED.**[3]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] Father included an endnote to his appellate brief containing a summary of his Sam's Club Mastercard payments reflected in his bank statements for both 2022 and 2023. We find this is neither proper nor preserved because Father never presented this summary to the family court. *See* Rule 210(c), SCRCP ("The Record shall not, however, include matter which was not presented to the lower court or tribunal."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). Regardless, this endnote merely restates Sam's Club Mastercard payments reflected in the bank statements and as explained above, we do not find this constitutes meaningful evidence.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.