### 7853

#### McELVEEN, ADMR., v. KING.

1. Check—Gift—Husband and Wife.—The evidence in this case is not sufficient to show a check was given to the husband by the wife. Indorsement of a check in blank and handing it to her husband by a wife is consistent with the idea that it was not intended as a gift, but was intended for herself in view of the confidential relations between the parties.

2. Transactions with Decedents.—Under section 400, of the Code a husband is not a competent witness to a transaction between himself and his wife in an action by her administrator against him in the result of which he is interested.

3. Evidence—Gift—Declarations.—Where there is doubtful proof of a gift and the evidence consists of declarations of the donor, his declarations subsequent are sometimes admissible.

4. Rehearing refused.

Before Sease, J., Sumter, December, 1909.    Affirmed.

Action by R. E. McElveen, administrator, against C. F. King. From Circuit decree, defendant appeals.

*Mr. T. B. Fraser,* for appellant, cites: *After declarations are not admissible:* Rice Eq. 174; 9 Rich. 53; 43 S. C. 380; Harp. 376; 1 Bail. 113; 22 S. C. 360; 28 S. C. 355; 1 Hill Ch. 10; 4 Rich. 422; 7 Rich. Eq. 18; 34 S. C. 322. *Conditions or restrictions to a gift must be made at time:* 2 McC. Ch. 132; 24 Bail. Eq. 144. *Presumptions from relationship:* 10 Rich. Eq. 134; 1 Strob. L. 552; 2 S. C. 136; 6 S. C. 216; 24 S. C. 282; 48 S. C. 469; 17 S. C. 569; 18 S. C. 607; 14 S. C. 569; 9 Rich. Eq. 554. *Presumption from possession of chattel:* 2 Bail. 590; 29 S. C. 597; 4 Strob. 293; 2 Rich. 545. *Presumption from possession of check endorsed in blank:* 1 Strob. 302; 28 S. C. 148; Chitty on Bills, 196, 230; 26 L. R. A. 571; 4 Ency. Ev. 320; 2 Id. 525; 107 U. S. 602; 26 L. R. A. 570; 55 L. R. A. 155; 1 Green Ev. 38.

*Mr. L. D. Jennings,* contra, cites: *Degree of proof:* 6 Enc. Ev. 220, 206. *Gifts between persons in confidential relations:* 14 Ency. 1011, 1014. *After declarations:* 38 S. C. 279 ; 28 S. C. 362 ; Harp. 374; 1 Bail. 113 ; 1 Hill Eq. 13 ; 6 Rich. 309. *Husband cannot testify as to transaction with deceased wife:* 47 S. C. 488; 51 S. C. 499.

The opinion in this case was filed October 27, 1910, but remittitur held up on petition for rehearing until

April 8, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action is by the administrator of Mrs. Eunice O. King, who died intestate on August 1, 1906, against C. F. King, husband of the deceased, to recover certain money alleged to belong to the estate but in the hands of defendant as agent of his said wife. The complaint demanded an accounting of the defendant for all the funds of the estate in his hands.

Upon the report of the testimony by the master the cause was heard by Judge Sease, who made decree that plaintiff recover of defendant six thousand one hundred and eight and 49-100 dollars, with interest from February 15, 1909, the date of letters of administration, and further decreed that the judgment be forthwith entered in the office of the clerk of the court for Sumter county, and that the judgment rendered be a lien on the tract of land which plaintiff testified he had purchased with a part of the money that went into his hands.

It appears undisputed that Mrs. King had an interest in a tract of land which she sold to J. H. Wilson, and on November 27, 1906, received from R. J. Bland, acting as attorney for J. H. Wilson, in payment therefor, a check for six thousand one hundred and eight and 49-100 dollars, drawn on the Farmers Bank and Trust Company and payable to the order of Mrs. King.

This check was handed by Mrs. King to her husband, the defendant, was subsequently endorsed by Mrs. King, and on same day presented by defendant at the bank and the money entered to his credit and subject to his check. The case depends upon the question whether Mrs. King made a gift of the money to her husband, or placed it in his hands as her agent or in trust.

J. H. Wilson, witness for plaintiff, testified that he was present when the check was delivered to Mrs. King in Mr. Bland's office, and that she passed it over to her husband, who said: "Well, I have got it, I am gone," and that she said: "Hold on, I have not given it to you fully," or something like that. This witness was afterwards recalled to the stand, and when asked again as to the occurrence, said: "When he (Mr. Bland) passed the check over to Mrs. King she then passed it over to Mr. King and Mr. King said, 'Well, I've got it now,' and went to the door and Mrs. King said, 'Hold on, it isn't your money, it is mine.' "

R. J. Bland, witness for defendant, testified: "Well, I handed her the check and she turned to Mr. King and handed it to him, and as well as I can recollect, said, 'Here it is, take it.' "

The foregoing is all the testimony as to what took place at the time the check was handed by Mrs. King to her husband. The check being originally the property of Mrs. King, and it not being claimed to be the property of defendant, her husband, except by gift from her, the burden is upon the defendant to establish that the gift was fairly made, because of the fiduciary and confidential relations. *Way* v. *Ins. Co.,* 61 S. C. 505, 39 S. E. 742.

In the light of this salutary principle we cannot say that the Circuit Court was in error in concluding that the foregoing testimony failed to show that there was a gift. Appellant, however, relied upon the admissibility of the testimony of the defendant to the effect that his wife gave him the check as his own.

We think the Circuit Court correctly ruled that this testimony was incompetent under sec. 400 of the Code, the witness being a party to the action, having an interest in the event of the trial and the transaction being between the witness and a person deceased and against a party prosecuting the action as administrator. *Norris* v. *Clinkscales,* 47 S. C. 492, 25 S. E. 797; *Martin v. Fowler,* 51 S. C. 502, 28 S. E. 312.

We have not deemed it important or essential to consider whether the Court erred in allowing the testimony of Mrs. R. E. McElveen to the effect that two weeks before her death Mrs. King told witness she had six thousand dollars in the bank and Mr. King four thousand, with which to build a house, for which she exhibited a plan.

Where there is doubtful proof of a gift and the evidence consists of the declarations of the donor, declarations of the donor subsequent to the time of the alleged gift have been given in evidence on the question of gift or no gift. *Bennett* v. *Cook,* 28 S. C. 361, 6 S. E. 28. But in this case the Court held that if this evidence should be excluded the intestate did not give title to the check or money to her husband.

The endorsement of the check in blank by Mrs. King and delivering it to her husband is consistent with the idea that it was not intended as a gift but was intended for herself in view of the confidential relations between the parties.

We have not deemed it necessary to consider the numerous exceptions in detail. The foregoing considerations are sufficient to show that no ground for reversal exists.

The judgment of the Circuit Court is affirmed.

Petition for a rehearing dismissed by formal *per curiam* order filed April 8, 1911.