21865

Roberta L. GARRIS, Appellant,
v. Jimmy R. COOK, Respondent.
(300 S. E. (2d) 483)

*Nancy H. Bailey*, Latta, *for appellant.*

*Charles E. Curry*, Dillon, *for respondent.*

Feb. 17, 1983.

NESS, Justice:

This is an action to increase and recover arrearages in child support. Appellant wife asserts the trial court erred in failing to (1) increase present child support, and (2) order the husband to pay the existing arrearage. We affirm in part and reverse in part.

The parties were divorced in 1971 and custody of the minor child was granted to the wife. Husband was originally ordered to pay child support of $10.00 per week, which was increased to $20.00 per week in 1976. Here the wife seeks a further increase in child support and recovery of existing arrearages.

First, the wife contends the trial court erred in failing to increase the child support award.

Our broad scope of review in appeals from the family court does not require us to disregard the trial court's findings, nor does it relieve appellant of the burden of convincing us the trial court erred. *Stevenson v. Stevenson*, 276 S. C. 475, 279 S. E. (2d) 616 (1981). The record substantiates the trial court's finding that the wife failed to prove changed circumstances. We agree.

Wife also asserts the trial court erred in failing to order husband to pay the child support arrearage.

Husband contends he stopped paying support in June 1977 because wife would not allow him to visit the child. The arrearage at the time of the hearing was $2,966.40. The trial court, finding both parties equally at fault, concluded it would be inequitable to require husband to pay the arrearage since he could not restore his lost visitation.

We find no authority making the duty of child support contingent on visitation, and find it difficult to conceive of a case in which a parent's act should be allowed to prejudice the child's right to support. See *Lunsford v. Lunsford*, 277 S. C. 104, 282 S. E. (2d) 861 (1981); *Stanaland v. Jamison*, 275 S. C. 50, 268 S. E. (2d) 578 (1980). We hold the trial court erred in failing to order the husband to pay the arrearage. Accordingly, we reverse in part and direct the husband to pay the arrearage into a trust for the child's benefit. The trial judge shall name one who is not related to

any of the parties as trustee for the child to receive these and subsequent funds.

Affirmed in part and reversed in part.

LEWIS, C.J., and LITTLEJOHN and GREGORY, JJ., concur.

HARWELL, J., not participating.