22525

Margaret Diane Jordan RABON, (now Chastain), Appellant v. Larry D. RABON, Respondent.

(342 S. E. (2d) 605)

Supreme Court

*A. Camden Lewis,* of *Lewis, Babcock, Gregory & Pliecones,* and *Randall M. Chastain,* Columbia, *for appellant.*

*Jan L. Warner* and *C. Dixon Lee, III,* Sumter, *for respondent.*

Heard Feb. 26, 1986.

Decided April 7, 1986.

CHANDLER, Justice:

By a consent order dated October 7, 1983, Larry D. Rabon (Father) was reqired to pay $2,600 per month as unallocated support for his former wife, Margaret Diane Jordan Rabon (Mother), and the parties' four minor daughters. The order provided further that, upon remarriage of Mother, the duty to pay unallocated support would terminate.

Thereafter, Mother remarried, Father petitioned the Family Court for a determination of allocated child support. Mother appeals the award of $1,400 per month, contending this amount is inadequate.

We agree and reverse.

## FACTS

After remarriage, Mother and daughters moved from Florence to her new husband's home in Columbia. In Florence, the three youngest daughters were enrolled in a private school at a cost of $329 per month. The eldest child attended public school. After the move to Columbia, Mother felt it in the best interests of all four children that they attend a private school, Heathwood Hall, at a cost of $752 per month.

The Family Court reasoned that Mother's move to Columbia and her election to enroll the eldest daughter in private school were voluntary. He held that Mother should bear the financial consequences of these decisions. Accordingly, he reduced Mother's estimate of the support expenses by $423, the difference between the monthly tuition for three children at the Florence private school and four children at Heathwood Hall.

Father is a physician earning approximately $120,000 per year. Mother is currently completing her four-year degree at the University of South Carolina. The record does not show that she presently has any significant earning capacity.

## ISSUE

The single issue we need determine is whether the Family Court Judge abused his discretion in requiring that Mother bear the burden of the increased school costs following the move.

## I. SCHOOL COSTS

The duty to pay allocated child support was not determined at the time of the parties' divorce. Accordingly, we apply the standard of review for initial determinations of child support rather than the standard for reviewing modifications based upon changed circumstances.

Mother testified that her decision to enroll all four children at Heathwood Hall was based on (1) the school zoning program in effect in Columbia, which would have required the children to be bused long distances; and (2) the excellent academic and extracurricular opportunities available at Heathwood Hall. Father does not dispute this testimony.

The amount of a child support award is within the sound discretion of the Family Court Judge and will not be disturbed on appeal absent an abuse of discretion. *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541 (1975).

In determining the amount of child support, crucial factors include: the needs of the children; the incomes, earning capacities and assets of the parents; the health, ages and general physical conditions of the parents; and the living expenses of the parents. *Bradley v. Bradley*, 285 S. C. 170, 328 S. E. (2d) 647 (Ct. App. 1985).

Under our scope of review [*See Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976)], we find that the children would benefit from enrollment at Heathwood Hall. Father is in good health, earns a high income and is capable of meeting the increased expenses. Mother is presently unable to make a significant contribution toward the tuition costs.

Accordingly, we hold that the Family Court erred in reducing the child support by the amount of the increased school costs.[1] We hold that, based upon the needs of the children and the Father's ability to pay, the allocated support should be increased from $1,400 to $2,000, to cover the increased school costs and related incidental expenditures. The Family Court's order, therefore, is modified to require Father to pay $2,000 per month in child support.

---

[1] *Cf. Nelson v. Merritt*, 281 S. C. 126, 314 S. E. (2d) 840 (Ct. App. 1984) (non-custodial father required to pay higher tuition at comparable private school after mother's and child's move from Charleston to Virginia).

## II. REMAINING ISSUES

Based upon oral argument and a careful consideration of the record and briefs, we are of the opinion that the remaining exceptions present no errors of law and that a written opinion would be without precedential value. Accordingly, the order of the Family Court in these respects is affirmed under Supreme Court Rule 23.

Affirmed in part; reversed in part.

GREGORY, A. C. J., and HARWELL and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting J., concur.

NESS, C. J., not participating.