0987

Norman L. HARRIS, Myrna F. Harris, Doris T. Driggers, H. C. Driggers, Edward Muckenfuss, Jr., Harry W. Nettles, Delores M. Nettles, Ramona E. Rummans, Francis L. Bouchette, Jr., Gayle Bouchette, Frances H. Bath, Norman L. Kinsey, John E. Riley, Marguerite Riley, and all other property owners of Katony Subdivision in the County of Berkeley, State of South Carolina, similarly situated, Respondents v. Mary Kathleen CAMPBELL, William Harry Miller, David Conrad Miller, and Charles Jack Miller, individually and as devisees under the Last Will and Testaments of Katie M. Miller and A. C. Miller, both deceased, Charles Jack Miller, as Executor of the Estates of Katie M. Miller and A. C. Miller, and Michael A. Kocak, individually and Michael A. Kocak, and Stephen L. Kocak, as partners in Ladson Development Company, and Robin Fiddie, Appellants.

(358 S. E. (2d) 719)

Court of Appeals

*Thomas H. Brush* and *Steven M. Rubinstein*, Charleston, *for appellants.*

*James E. Gonzales*, North Charleston, *for respondents.*

Heard May 26, 1987.

Decided July 6, 1987.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court. The exceptions on appeal assert error by the trial judge in making certain rulings preliminary to trial and during the course of trial. We affirm.

## I

Appellants first argue that the trial judge erred in overruling their motion for summary judgment. The denial of a motion for summary judgment is not appealable, even after trial. *Holloman v. McAllister*, 289 S. C. 183, 345 S. E. (2d) 728 (1986).

## II

Appellants also argue that the trial judge erred in overruling their motion for a directed verdict. No such motion appears in the record, and none of the exceptions of appellants assert error on this basis. "[W]e are free to reverse only when error is properly preserved in the trial court and properly presented by an exception on appeal." *Bartlett v. Nationwide Mutual Fire Insurance Co.*, 290 S. C. 154, 156-57, 348 S. E. (2d) 530, 531 (Ct. App. 1986).

## III

Appellants next argue that the trial judge erred in allowing the testimony of two witnesses over objection that the testimony violated the rule against hearsay. The trial judge ruled that the testimony was admissible under specific exceptions to the rule. Appellants argue in their brief that the testimony is hearsay, but they do not argue that the exceptions relied on by the trial judge are inapplicable. We are obliged to reverse when error is called to our attention, but we are not in the business of figuring out on our own whether error exists. *See Duckett v. Payne*, 279 S. C. 94, 96, 302 S. E. (2d) 342, 343 (1983) ("[T]he appellant carries the burden of convincing this Court that the trial court erred.").

## IV

Appellants also argue that the trial judge erred in allowing the testimony of the same two witnesses in violation of the "Dead man's" statute. Section 19-11-20, Code of Laws of South Carolina, 1976. Neither does the record reflect any objection to the testimony on this ground, nor does the exception of appellants to the ruling of the trial judge assert error on this basis. *See Bartlett, supra.* Moreover, the testimony is merely cumulative to other evidence which appears in the record. "[R]eversal is not warranted where evidence erroneously admitted is merely cumulative." *Campbell v. Paschal*, 290 S. C. 1, 13, 347 S. E. (2d) 892, 900 (Ct. App. 1986).

## V

Appellants further argue that the trial judge erred in allowing a third witness "to testify without firsthand knowledge of that which was before the Court." They objected to the testimony at trial on the ground that the witness was being asked to state his opinion regarding a survey which he had not made himself. The witness did not testify in this regard until after the trial judge had declared him qualified to testify as an expert. Of course, an expert witness may state an opinion based on facts not within his firsthand knowledge. E. Cleary, *McCormick on Evidence* § 14 (3d ed. 1984). Appellants argue in their brief that the

witness does not have the requisite qualifications to testify as an expert. However, the record does not reflect any objection to the witness being declared qualified as an expert or any objections to his testimony after he was declared qualified, and none of the exceptions of appellants assert error on this basis. *See Bartlett, supra.* In any event, the qualification of a witness as an expert is a matter within the discretion of the trial judge. *Campbell, supra.*

## VI

Appellants finally argue that the trial judge erred in allowing the testimony of a fourth witness "as that of an expert." The record reflects that the objection by appellants at trial to the testimony of this witness was explicitly withdrawn. "The failure to make a timely and proper objection to the introduction of testimony waives the right to object to such testimony on appeal." *Calcutt v. Calcutt,* 282 S. C. 565, 569, 320 S. E. (2d) 55, 57 (Ct. App. 1984).

For these reasons, the order of the Circuit Court is affirmed.

GOOLSBY and LITTLEJOHN, JJ., concur.