23212

JEFFERSON PILOT LIFE INS. CO., Plaintiff v. Bettye S. GUM, and Loretta Gum, Defendants, of whom Loretta Gum is Appellant, and Bettye S. Gum is Respondent.

(393 S.E. (2d) 180)

Supreme Court

*Louis D. Nettles* of *Nettles & Nettles, P.A.,* Florence, *for appellant.*

*Craig A. Snook* and *James P. Stevens, Jr.,* Myrtle Beach, *for respondent.*

Heard March 20, 1990.

Decided May 7, 1990.

TOAL, Justice:

This interpleader action was brought by Jefferson Pilot Life Insurance Co. (Jefferson Pilot) against Bettye S. Gum and Loretta Gum to determine the ownership of life insurance proceeds. The trial court granted Bettye's motion for summary judgment on the grounds that Loretta's claim was barred by laches and that the portion of the divorce decree Loretta was trying to enforce was null and void. We reverse and remand for further proceedings.

## FACTS

In 1952, Roy F. Gum married Loretta Gum. In 1965, Jefferson Pilot issued a group insurance policy under its Employee Welfare Benefit Plan covering the life of Roy Gum. Under this policy, Mr. Gum or his designated beneficiary was to receive disability and/or death benefits. It appears that Mr. Gum obtained another disability policy from Jefferson Pilot shortly thereafter. In 1974, Roy and Loretta Gum were divorced by Order of the Civil and Criminal Court of Florence. The 1974 divorce decree required Roy Gum to retain Loretta as the beneficiary to "a certain life insurance policy which he now holds." In 1974, Roy Gum married Bettye S. Gum and in 1976 he changed the beneficiary of the first Jefferson Pilot insurance policy to Bettye. In 1980, Roy became disabled and the second policy of which Loretta was the named beneficiary, began to pay him disability retirement benefits. The death benefits of this policy allegedly ceased to exist.

In 1980, Roy Gum sought a reduction in alimony. When the parties went before the Family Court, Loretta brought it to the court's attention that Roy had changed the beneficiary of his life insurance policy in violation of the divorce decree. By Order dated July 3, 1980, the trial judge ordered Roy to take steps immediately to make Loretta the beneficiary on the Jefferson Pilot life insurance policy and to notify the Court and Loretta's counsel if he was not able to do so. Roy apparently gave notice that he had only one life insurance policy and that he would not designate Loretta as the beneficiary.

In November the parties came before the Family Court again and raised, *inter alia*, the issue of the insurance policy. By order dated November 27, 1980, the trial judge held that "the question of the insurance policy need[s] and deserve[s] a hearing on its own merits in view of the nature of the issue." The trial judge stated in his order that a hearing was necessary due to the fact that he felt that there were three possibilities that existed. One interpretation would be that Roy was required to provide for the benefit of Loretta both the policy that had been terminated as well as the policy in existence. Another possibility would be that he was obligated to maintain one policy and that one had been terminated. A third possibility would be that he was no longer required to maintain insurance because of the change in his financial condition. The trial judge stated that he was not expressing an opinion on this issue and ordered that the question with regard to the life insurance policy he held in abeyance pending further action of either party bringing the matter before the Court for a hearing on its own merits.

The parties came before the Family Court on three subsequent occasions. The issue of the life insurance policy was never raised again. A hearing on the merits was never requested.

In 1987, Roy Gum died and both Loretta and Bettye filed claims for the proceeds of the Jefferson Pilot insurance policy. Jefferson Pilot insurance policy. Jefferson Pilot instituted this interpleader action seeking to deposit the proceeds of the policy into court and have the court determine the ownership of the proceeds. The total of the proceeds involved in this appeal is between $70,000 and $75,000.

Loretta cross-claimed against Bettye and requested that the Court impose a constructive trust upon the proceeds and in the alternative, that she be granted an equitable lien against the proceeds. Bettye moved for summary judgment on the grounds that Loretta's claim was barred by laches and that the portion of the 1974 divorce decree under which Loretta claimed the policy proceeds was null and void. The trial court granted Bettye's motion for summary judgment on both grounds. Loretta appeals this ruling.

## DISCUSSION

Loretta contends that the trial court erred in granting summary judgment because the defense of laches involved factual issues.

Laches is the neglect for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. *DeLaine v. DeLaine*, 211 S.C. 223, 44 S.E. (2d) 442 (1947). To be charged with laches, a party must have knowledge of the facts upon which he bases his claim. *Arceneaux v. Arrington*, 284 S.C. 500, 327 S.E. (2d) 357 (Ct. App. 1985). Delay alone in the assertion of a right does not constitute laches. *Bonney v. Granger*, 292 S.C. 308, 356 S.E. (2d) 138 (Ct. App. 1987). Whether a plaintiff is barred by laches is to be determined in light of the circumstances of each particular case. *Rabon v. Mali*, 289 S.C. 37, 344 S.E. (2d) 608 (1986).

Here, the trial judge determined that Loretta had not acted with reasonable diligence when she failed to obtain a judicial determination of her right to the proceeds after she became aware that she was no longer the named beneficiary.

We disagree with the trial court's determination that Loretta had the burden of seeking judicial clarification of the divorce decree. Roy Gum was under a judicial order to maintain Loretta as the beneficiary of a life insurance policy. The order dated July 3, 1980, again ordered Roy to designate Loretta as the beneficiary of a policy which Roy refused to do. The order dated November 27, 1980, did not modify this obligation. The order merely stated that judicial resolution of the issue would be held in abeyance pending further action of either party bringing the matter before the Court for a hearing on its own merits. As noted above, neither party raised the issue in subsequent proceedings. In the absence of a modification of the order, it appears that Roy was still under an obligation to designate Loretta as the beneficiary of the policy. Therefore, we conclude that the trial court erred in granting Bettye's motion for summary judgment.

We have reviewed Loretta's remaining exception and reverse pursuant to Rule 23 based on the authority of *Piana v.*

*Piana,* 239 S.C. 367, 123 S.E. (2d) 297 (1961).

For the reasons discussed above, the judgment of the lower court is reversed and this matter is remanded for further proceedings.

GREGORY, C.J., HARWELL, J., and BRUCE LITTLEJOHN and THOMAS L. HUGHSTON, Jr., Acting Associate Justices, concur.