1872

Lurlyn Springs PINKERTON and William D. Springs, Appellants v.
Ann Carnaggio JONES, Respondent.

(423 S.E. (2d) 151)

Court of Appeals

*D.W. Green, Jr.*, Conway, *for appellants.*

*Susan C. Pardue* and *Phillip Luke Hughes*, Myrtle Beach,
*for respondent.*

Heard Sept. 10, 1992.

Decided Oct. 5, 1992.

GOOLSBY, Judge:

This is an action for an accounting in which Lurlyn Springs Pinkerton and William D. Springs seek to have their stepsister, Ann Carnaggio Jones, account to the estate of her father, Tony Carnaggio, for $10,000 that she allegedly took from him prior to his death. Pinkerton and Springs appeal the holding of the master[1] that their stepfather made a gift of the $10,000 to Jones. Pinkerton and Springs, pointing to the Dead Man's Statute, S.C. Code Ann. § 19-11-20 (1985),[2] charge the master with error in admitting Jones' statement that her father made a gift to her of the $10,000 five days before his death. Jones had withdrawn the $10,000 from a savings account at Coastal Federal Savings that she had earlier opened in her and her father's names using funds transferred from her father's old account at Coastal Federal. We affirm.

During Jones' testimony, the master expressly admonished Jones that she could not "explain anything [her father] *said* [because] [t]he Dead Man [sic] Statute will prevent that." [Emphasis ours.]

The admonitions came after counsel for Pinkerton and Springs objected to Jones' attempt to testify concerning what her father had told her when she had opened the joint account at Coastal Federal. Counsel had objected, asserting that Jones' statement was "not responsive" to his question and that "[s]he cannot explain anything her father told her." In making his objection, counsel did not mention the Dead Man's Statute.

A little while later, counsel for Pinkerton and Springs asked Jones about certain deposits made into a checking account at the National Bank of South Carolina (NBSC). The deposits used funds withdrawn from the joint account at Coastal Federal. Jones testified all the funds, with one or two exceptions,

---

[1] An order of reference made pursuant to Rule 53(e)(1), SCRCP, directed the master to enter judgment in the action without further order of the court.

[2] The Dead Man's Statute reads in pertinent part:

[N]o party to an action or proceeding, no person who has a legal or equitable interest which may be affected by the event of the action or proceeding, ... shall be examined in regard to any transaction or communication between such witness and a person at the time of such examination deceased ... as a witness against a party then prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of such deceased person ... when such examination or any judgment or determination in such action or proceeding can in any manner affect the interest of such witness. ...

"went into the NBSC checking account." Counsel then corrected her saying, "With the exception of $10,000 which you transferred to another account in your name alone on November 17, 1987?" Jones responded, "That's right. It was a gift."

Counsel immediately moved to strike the testimony, asserting only that Jones' statement "was not responsive."

The master, however, overruled the objection, stating, "I'll allow. [sic] You said it was transferred, she said 'Yes, it was a gift.' I'll allow that. She was explaining her answer."

Later, while being examined by her own attorney, the following occurred:

Q. Did you take any money out of this checking account for your own use?

A. No way. No. I never took a penny of my father's money, never.

Q. You did, however, take $10,000 out of Coastal Federal Savings Account?

A. Yes, but that was a gift.

[APPELLANTS' COUNSEL]: Objection, your Honor, please.

THE COURT: Overruled.

[APPELLANTS' COUNSEL]: Your Honor, may I put my objection in the record?

THE COURT: All right, sir.

[APPELLANTS' COUNSEL]: The record is clear as to where the $10,000 came from. For her being able to say it was a gift, it speaks of a transaction between her and the person from whom it came. We think that's the purpose of the Dead Man's Statute. You can't do that, there's no way to examine that individual.

THE COURT: I understand your position. I had instructed her previously. She can answer your questions and explain her answer. You asked her all that money went into the ... checking account with the exception of $10,500 [sic] which went into your [sic] personal account. And she said "Yes, it was a gift." Now that's answering the question and explaining it. Maybe it violates the Dead Man [sic] Statute, I'm ruling that it does not. I may be wrong, but I don't think it does.

Jones' testimony that the money in question was a gift ■ from her father, representing, as it did, a "transaction" between her and her father, clearly violated the Dead Man's Statute. *McElveen v. King*, 88 S.C. 346, 70 S.E. 801 (1911).

Indeed, Jones does not argue otherwise.

Rather, Jones contends Pinkerton and Springs did not ■ preserve for appellate review their objection to her testimony that the $10,000 "was a gift" because their objection to her testimony on the ground that it "was not responsive" did not raise the objection that it violated the Dead Man's Statute.

We agree. *See Harris v. Campbell*, 293 S.C. 85, 358 S.E. (2d) 719 (Ct. App. 1987) (wherein the court of appeals refused to address an issue regarding the Dead Man's Statute where the record did not reflect any objection to the testimony on that ground and the appellants failed to include an exception to the trial judge's ruling on that basis); 88 C.J.S. *Trial* § 125, at 255 (1955) ("It is a rule of universal application that the objection is deemed to be limited to the ground or grounds specified and does not cover others not specified."); *id.* at 256 ("[A]n objection to a question as leading does not raise an objection that . . . the answer is not responsive. . . ."); *see also* 75 Am. Jur. (2d) *Trial* § 426, at 613 (1991) ("[A]n objection to evidence based on a specific ground constitutes a waiver of objections on all grounds not so specified."); *id.* § 429, at 615 ("On appeal, the party will be limited, ordinarily, to the specific objections to evidence made at the trial, and the appellate court will consider only such grounds of objection as are specified.").

The objection based on the Dead Man's Statute that ■ Pinkerton and Springs later made to similar evidence did not cure their earlier failure to include this ground. Once Pinkerton and Springs failed to object on the ground of the Dead Man's Statute to the admission of Jones' testimony that the $10,000 represented a gift to her from her father, the objection based on the Dead Man's Statute to the subsequent admission of the same or similar evidence was waived. *See* 88 C.J.S. *supra*, § 115b(2), at 234 ("[A] party who fails to object to the admission of evidence waives objections to the subsequent admission of the same or similar evidence. . . .").

Pinkerton and Springs' contention that, under Rule 43(c)(1), SCRCP,[3] their objection to Jones' testimony regarding what her father told her when she opened the joint account preserved their objection to her subsequent testimony that he father gave her the $10,000 in dispute is without merit. The master sustained the objection. Rule 43(c)(1) contemplates the objection being overruled. *See* 88 C.J.S. *supra*, § 122, at 243-44 ("Where an objection to evidence is distinctly made and overruled it need not be repeated to the same class of evidence subsequently received. . . .").

Affirmed.

GARDNER, J., and LITTLEJOHN, Acting Judge, concur.

---

[3] Rule 43(c)(1) provides: "If an objection has once been made at any stage to the admission of evidence, it shall not be necessary thereafter to reserve rights concerning the objectionable evidence."