THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lee Edwards
 Cunningham, Respondent,
 v.
 Gary T. Cason
 and Phillips Brothers Properties, LLC, Defendants,
 Of whom
 Phillips Brothers Properties, LLC is Appellant.
 
 
 

Appeal From Oconee County
  Alexander S. Macaulay, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-379  
Heard June 8, 2011  Filed July 25, 2011

AFFIRMED

 
 
 
 Knox L. Haynsworth, III, of Greenville, for Appellant.
 David Richard Price, Jr, of Easley, for Respondent.
 
 
 

PER CURIAM: Phillips Brothers Properties LLC (Phillips Brothers)
 appeals the order of the trial court voiding a tax sale of the property of Lee
 Edwards Cunningham and voiding the deed of the tax sale purchaser, Gary T.
 Cason, to Phillips Brothers.  Phillips Brothers argues the trial court erred in
 (1) ruling Cunningham's action was not barred by the statute of limitations;
 (2) holding Phillips Brothers was not a bona fide purchaser for value under section
 15-39-870 of the South Carolina Code (2005); (3) finding Cunningham's claim was
 not barred by estoppel; (4) finding it also was not barred by laches; (5)
 allowing Cunningham to collaterally attack the judgment from a prior quiet
 title action; and (6) holding the absence of Cunningham's mortgagee from the
 quiet title action prevented Phillips Brothers from being a bona fide purchaser
 for value.  We affirm.  
1. As
 to the statute of limitations, we find Phillips Brothers failed to properly challenge
 the trial court's rulings and did not meet his burden of demonstrating reversible
 error.  The trial court ruled Cunningham's action to void the delinquent tax
 sale and deed was not barred by the statute of limitations found in sections
 12-51-160 and -90(C) of the South Carolina Code (Supp. 2010) because the
 defects were jurisdictional and when the defect is jurisdictional, the two-year
 statute of limitations does not apply.  The court found allowing the statute to
 bar the claim of a person who never received due process notice would require
 an interpretation and/or application of the statutes in a manner that would
 circumvent the due process requirement of the Fourteenth Amendment to the
 United States Constitution. Phillips Brothers failed to challenge these rulings
 and merely asserted the statute began to run on the date of sale.  Accordingly,
 we find the trial court's rulings on this issue are the law of the case.  See ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche, 327 S.C. 238,
 241, 489 S.E.2d 470, 472 (1997) (stating an unappealed ruling is the law of the
 case and should not be reconsidered by the appellate court); McCall v. IKON,
 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting an appealed
 order comes to the appellate court with a presumption of correctness and the
 burden is on appellant to demonstrate reversible error). 
2. As
 to Phillips Brothers' argument it is a bona fide purchaser under section 15-39-870
 of the South Carolina Code, we find no error in the trial court's ruling.  Phillips
 Brothers failed to challenge the trial court's holding this section does not
 apply to tax sales.  Therefore, it is the law of the case.  See Judy
 v. Martin, 381 S.C. 455, 459, 674 S.E.2d 151, 153 (2009) ("[A]n
 unappealed ruling becomes the law of the case and precludes further
 consideration of the issue on appeal.").  In addition, Phillips Brothers
 sets forth no argument or citation of authority to support its contention
 section 15-39-870 should also apply to tax sales and quiet title actions.  See McCall,
 380 S.C. at 659-60, 670 S.E.2d at 701 (stating an appealed order comes to the
 appellate court with a presumption of correctness and the burden is on
 appellant to demonstrate reversible error); Harris v. Campbell, 293 S.C.
 85, 87, 358 S.E.2d 719, 720 (Ct. App. 1987) (noting our court is "obliged
 to reverse when error is called to our attention, but we are not in the
 business of figuring out on our own whether error exists").  Furthermore,
 in construing the statute according to the plain and ordinary meaning of the
 words used, we find the section only applies to judicial sales by decree of
 court and does not apply to tax sales or quiet title actions.  See First
 Baptist Church of Mauldin v. City of Mauldin, 308 S.C. 226, 229, 417 S.E.2d
 592, 593 (1992) ("In construing a statute, its words must be given their
 plain and ordinary meaning without resorting to subtle or forced construction
 to limit or expand the statute's operation.").  
As
 to any contention Phillips Brothers makes that it is a common law bona fide
 purchaser of value, we find this argument is not within the scope of the issues
 set forth in its statement of the issues on appeal.  See Rule
 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not
 set forth in the statement of the issues on appeal.").  In addition,
 Phillips Brothers failed to specifically challenge on appeal many of the trial
 court's reasons for holding Phillips Brothers was not a bona fide purchaser for
 value including (1) because the tax sale and deed were void, Cason never had
 legal title and could not transfer title to Phillips Brothers; and (2) Phillips
 Brothers' interest in the property was subject to Cunningham's right of
 redemption.  Accordingly, these rulings are the law of the case.  Ables v.
 Gladden, 378 S.C. 558, 569, 664 S.E.2d 442, 448 (2008) (holding an unappealed
 ruling is the law of the case).
3. As
 to estoppel, Phillips Brothers failed to discuss the issue of estoppel in its
 brief; therefore, the issue is deemed abandoned.  State v. Hiott, 276
 S.C. 72, 86, 276 S.E.2d 163, 170 (1981) (stating an issue raised on appeal but
 not argued in the brief is deemed abandoned and will not be considered by the
 appellate court).
4. As
 to laches, the trial court held, "The undisputed failures to provide
 Cunningham his constitutional right to due process prevented him from learning
 of the facts forming the basis of his claim, and occasioned any delay by
 Cunningham in bringing this action."  We find no error in this ruling.  See Smith v. Barr, 375 S.C. 157, 164, 650 S.E.2d 486, 490 (Ct. App. 2007) (finding
 equity did not require the validation of a tax sale because the failure to give
 the required statutory notice renders the tax sale invalid and equity follows
 the law); Provident Life & Accident Ins. Co. v. Driver, 317 S.C.
 471, 479, 451 S.E.2d 924, 929 (Ct. App. 1994) ("The lached party must have
 had actual knowledge or inquiry notice of the facts forming the basis of its
 claim, and its failure to assert its right is irrelevant until there is a
 reason or situation that demands assertion."); id. (noting the
 burden of proof is upon the person claiming laches).  
5. As
 to Phillips Brothers' assertion the trial court's order vesting title in
 Cunningham and cancelling the deeds to Cason and Phillips Brothers was an
 impermissible collateral attack on the judgment in the quiet title action,
 Phillips Brothers did not raise this issue to the trial court until its motion
 to alter or amend.  Accordingly, it is not properly before this court.  See Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n, 359 S.C. 105, 113, 597
 S.E.2d 145, 149 (2004) (stating a party may not raise an issue in a motion to
 reconsider, alter, or amend a judgment that could have been presented prior to
 the judgment).
6. Finally,
 as to Phillips Brothers' argument the trial court erred in finding the absence
 of Cunningham's mortgagee from the quiet title action established Phillips
 Brothers was not a bona fide purchaser, we need not address this issue because
 we affirm the trial court for the above stated reasons.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (holding an appellate court need not review remaining issues when
 its determination of a prior issue is dispositive of the appeal).
AFFIRMED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.