**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert K. Marshall, Jr. and Donna Chapman Marshall, Appellants,

v.

City of Rock Hill, South Carolina, a municipal corporation, Carey F. Smith, in his capacity as City Manager, and Lori Thomas, in her Capacity as Customer Services Manager, Respondents.

Appellate Case No. 2012-212016

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2015-UP-304
Heard December 8, 2014 – Filed June 24, 2015

**AFFIRMED**

John Martin Foster, of Rock Hill, for Appellants.

William Mark White and Jeremy Daniel Melville, of Spencer & Spencer, PA, of Rock Hill, for Respondents.

**PER CURIAM:** The Marshalls appeal the trial court's grant of summary judgment in favor of the City of Rock Hill and two of its employees on the Marshalls' 42 U.S.C. § 1983 claim for violation of their rights to substantive due process and equal protection. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 483, 636 S.E.2d 598, 614 (2006) ("In order to prove a denial of substantive due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law."); *id.* ("We have held that the standard for reviewing all substantive due process challenges to state statutes, including economic and social welfare legislation, is whether the statute bears a reasonable relationship to any legitimate interest of government."); *Denene, Inc. v. City of Charleston*, 359 S.C. 85, 91, 596 S.E.2d 917, 920 (2004) ("Under the rational basis test, the requirements of equal protection are satisfied when: (1) the classification bears a reasonable relation to the legislative purpose sought to be affected; (2) the members of the class are treated alike under similar circumstances and conditions; and, (3) the classification rests on some reasonable basis."); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting the order on appeal comes to the appellate court with a presumption of correctness and the burden is on appellant to demonstrate reversible error); *Harris v. Campbell*, 293 S.C. 85, 87, 358 S.E.2d 719, 720 (Ct. App. 1987) (noting our court is "obliged to reverse when error is called to our attention, but we are not in the business of figuring out on our own whether error exists"); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e)[, SCACR,] motion.").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**